UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FABIAN BANTON,  :  CIVIL ACTION NO. 3:CV-12-1594
  :
    Petitioner  :
  :  (Judge Nealon)
v.  :
  :
MARY SABOL, Warden, et al.,  :
  :
    Respondents  :

## MEMORANDUM

Petitioner, Fabian Banton, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Banton challenges his continued detention by ICE pending removal. (Doc. 1, petition). Specifically, he states that since being taken into custody on November 3, 2011, he has "never had a bond hearing to determine whether his prolonged detention is justified." Id. Petitioner argues that the plain language of 8 U.C.C. § 1226(c), the provision ICE relies, and continues to rely, on "cannot be construed to authorize prolonged mandatory detention." Id. Thus, Petitioner seeks to be released from custody pending removal. Id. For the reasons set forth below, this Court will grant a Writ of Habeas Corpus directing the Immigration Judge to conduct a bond hearing to determine if Banton is a flight risk or danger to the community.

## Background

On, or about, July 15, 1978, Banton, a native and citizen of Jamaica, entered the United States at, or near, Miami, Florida, as a nonimmigrant temporary worker. (Doc. 8-1, Ex. 1, Order to Show Cause and Notice of Hearing, Form I-221).

On November 13, 1991, Banton was convicted of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance under the name of "Duigal Loben"[1] in the Court of Common Pleas of Philadelphia County. (Doc. 8-1, Ex. 1a, Notice of Intent to Offer Evidence-Conviction Record for Possession of a Controlled Substance with Intent to Deliver, at 9-12). Banton was sentenced to an eight (8) to twenty-three (23) month term of imprisonment, followed by a one (1) year term of probation, for this conviction. (Id. at 10, 12).

On April 14, 1993, Banton was convicted of carrying firearms on public streets or public property and without a license under the name of "Michael Pink" in the Court of Common Pleas of Philadelphia County in violation of 18 U.S.C. §§ 6106 and 6108. (Doc. 8-1, Ex. 1a, Notice of Intent to Offer Evidence-Conviction Record for Firearms Violations, at 7-8, 13). For this conviction, Banton was sentenced to a three (3) to twelve (12) month term of imprisonment. (Id. at 8).

On August 5, 1994, Banton was convicted of simple assault and possessing instruments of crime under the name of "Livingston Miller" in the Court of Common Pleas of Philadelphia County. (Doc. 8-1, Ex. 1a, Notice of Intent to Offer Evidence-Conviction Record for Simple Assault and Possessing Instruments of Crime, at 2-4). Banton was sentenced to an eight (8) to twenty-three (23) month term of imprisonment, to run consecutive to his current sentence, and five years probation. (Id. at 3-4). Banton's fingerprint cards and the FBI identification record further demonstrate that it was he, who was convicted of the aforementioned crimes. (Doc. 8-1, Ex. 1b, Banton's fingerprint card and FBI Identification Record).

On January 12, 2005, based on Banton's convictions, ICE commenced removal proceedings

---

[1] In a sworn affidavit, Banton stated his true and correct name is Fabian Banton, but he used various aliases, such as Duigal Loben, Michael Pink, and Livingston Miller. (Doc. 8-1, Ex. 1a, Notice of Intent to Offer Evidence-Banton Affidavit, at 21).

against him charging him as removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) for being convicted of an aggravated felony as defined in section 101(a)(43) of the act. (Doc. 8-1, Ex. 1, Order to Show Cause and Notice of Hearing[2] at p. 6). ICE further charged Banton as removable pursuant to section 237(a)(2)(B)(I) of the INA for being convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802), other than a single offense involving possession for one's own use of thirty (30) grams or less of marijuana. (Id. at p. 7). Finally, ICE charged Banton as removable pursuant to section 237(a)(2)(C) of the INA, for being convicted under a law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon as defined in 18 U.S.C. § 921(a). (Id.).

On October 11, 1996, Banton failed to appear before the immigration judge ("IJ") and the IJ ordered him removed from the United States to Jamaica. (Doc. 8-1, Ex. 2, Memorandum of Decision and Order).

On December 2, 2004, Banton filed a motion to reopen in absentia deportation order. (Doc. 8-1, Ex. 3, Motion to Reopen in Absentia Deportation Order).

On December 23, 2004, the IJ denied this motion. (Doc. 8-1, Ex. 4, IJ Order).

On March 7, 2005, Banton was deported. (Doc. 8-1, Ex. 5, Warrant for Deportation).

On July 22, 2005, the Board of Immigration Appeals (BIA) withdrew Banton's appeal as a

---

[2]On the I-221 form dated January 12, 1995, it is noted that Banton is removable under section 241 of the INA. (Doc. 8-1, Ex. 1 at pp. 6-7). A prior section 241 of the INA (June 27, 1952, c. 477, Title II, 66 Stat. 204), classified to section 1251, was redesignated as section 237 of the INA and classified to section 1227.

result of his deportation. (Doc. 8-1, Ex. 6, BIA Decision).

On August 22, 2005, Banton filed a petition in the United States Court of Appeals for the Third Circuit. (Doc. 8-1, Ex. 6a, Third Circuit Court of Appeal Docket for No. 05-3946).

On March 24, 2006, the United States filed a motion to remand the case to the BIA, conceding that the BIA's July 22, 2005 Order was contradictory to the automatic stay provision. (Id.).

On May 5, 2006, the Third Circuit Court of Appeals granted the motion to remand to the BIA, vacated the BIA's July 22, 2005 order, and instructed the BIA to consider the merits of Banton's appeal from the IJ's denial of the motion to reopen. (Id.).

On September 28, 2006, Banton's counsel filed a motion to reopen the proceedings before the BIA for ineffective assistance of counsel. (Doc. 8-2, Ex. 7, Motion to Reopen). The BIA denied this motion on November 28, 2006. (Doc. 8-2, Ex. 8, BIA Order).

On December 28, 2006, Banton's counsel filed a petition with the Third Circuit. (Doc. 8-1, Ex. 9, Third Circuit Court of Appeals Docket, No. 06-5198 ).

On September 28, 2007, Banton's counsel filed a motion to remand and to compel Banton's return to the United States. (Id.). On October 29, 2007, the Third Circuit Court of Appeals granted the unopposed motion to remand to the BIA, but denied the motion to compel Banton's return to the United States. (Doc. 8-2, Ex. 9a, Third Circuit Order). The Third Circuit Court of Appeals instructed the BIA to consider whether the IJ's order of deportation is supported by clear and convincing evidence of deportability and to remand the matter to an IJ if it concludes that a hearing is appropriate. (Id.)

On June 13, 2008, the BIA found that the case was to be remanded to the immigration court

4

for further proceedings consistent with the Third Circuit's decision. (Doc. 8-2, Ex. 10, BIA Order).

On October 22, 2010, Banton's counsel filed a petition for writ of mandamus in the United States District Court for the Eastern District of Pennsylvania seeking to compel his return to the United States for completion of his deportation proceedings. (Doc. 8-2, Ex. 11, Petition for Writ of Mandamus). On February 22, 2011, the district court denied Banton's mandamus action seeking an order requiring ICE to return him to the United States. (Doc. 8-2, Ex. 12, Memorandum).

On October 31, 2011, Banton was paroled and returned to the United States on November 3, 2011, and entered ICE custody. (Doc. 8-2, Ex. 13, Authorization for Parole of an Alien into the United States).

On November 17, 2011, the IJ changed the venue of Banton's immigration matter from Philadelphia to York. (Doc. 8-2, Ex. 14, IJ Order).

On December 5, 2011, Banton received a hearing before the IJ in which he admitted the charges in part and denied the charges in part. (Doc. 8-2., Ex., 15, Declaration of ICE Deputy Chief Counsel J. Ellington at ¶ 2a). Banton indicated that he was seeking cancellation or other relief and as such, the IJ set the case for a contested removal hearing. (Id.)

On February 16, 2012, the contested removal hearing was held. (Id. at ¶ 2b). Banton's attorney objected to the Government's evidence of removability and the IJ requested that DHS obtain a business custodial records certification for the portion of the evidentiary packet that related to photographs. (Id.).

Banton's attorney filed a request for release, which was denied by ICE on March 26, 2012. (Doc. 8-2, Ex. 16, ICE March 26, 2012 Letter). Specifically, ICE denied Banton's request because of the severity of his criminal history, parole violation, misrepresentation of his identity to ICE

5

officers, and obtaining a Pennsylvania driver's license through fraud. (Id.)

On May 29, 2012, Banton received a contested removal hearing before the IJ. (Doc. 8-2, Ex. 15 at ¶ 2c). After the IJ admitted the evidence into the record, found Banton removable, and continued the case for Banton to submit relief applications. (Id.).

On June 18, 2012, Banton filed an application for relief. (Id. ¶ 2d).

On September 6, 2012, another hearing was held and the IJ questioned the government and Banton on whether the drug offense was an aggravated felony. (Id.¶ 2e). The IJ continued the case for Banton to try and prove that he had not been convicted of an aggravated felony. (Id.).

On October 22, 2012, the IJ reviewed additional evidence and found that Banton was removable as an aggravated felon. (Id. at ¶ 2f). Banton's counsel asserted that Banton continued to deny that conviction related to him. (Id.) The IJ reiterated that he already found Banton removable and set the case for a merits hearing. (Id.).

A Notice of Hearing in Deportation Proceedings was issued on October 22, 2012, scheduling a Master hearing before the IJ on January 22, 2013. (Doc. 8-2, Ex. 17, IJ Notice of Hearing). A telephone inquiry by this Court to the Executive Officer for Immigration Review, revealed that Petitioner's Master hearing has been rescheduled to May 7, 2013.

**Discussion**

This Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged pre-removal order detention by ICE at York County Prison (approaching eighteen months) as illegal and unconstitutional. See Leslie v. Attorney General of U.S., 363 Fed. Appx. 955, 957, n.1 (3d Cir. 2010) (Per Curiam) (citation omitted). In considering Petitioner's petition for writ of habeas corpus, this Court notes that he is not subject to a final order of removal, as his Master hearing

before the IJ is scheduled for May 7, 2013. Thus, this Court is forced to address whether Petitioner is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his hearing, or to order a new bond hearing.

Respondent asserts that, because Petitioner has been provided the minimum due process to which he is entitled, namely, a review of Petitioner's request for release on March 26, 2012, his circumstances merit neither release nor a bond hearing. The Court notes, however, that Petitioner's only review for release, at which it was determined that due to the severity of his criminal history, parole violation, misrepresentation of his identity to ICE officers, and obtaining a Pennsylvania driver's license through fraud, he was ordered to be held pending removal proceedings, was conducted on March 26, 2012, more than one (1) year ago.

While the Court agrees with Respondent that, following Petitioner's arrest in 1994 arrest, there did exist a clear legal basis for ICE to detain Petitioner pending the outcome of removal proceedings, see Diop v. ICE, 656 F.3d 221, 230 (3rd Cir. 2011), the courts have cautioned that the constitutionality of detention is also, at least to some extent, a function of the length of detention. Diop, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in Demore v. Kim et al., 538 U.S. 510, 532, (2003), helps inform the Diop Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. Id. at 233. The Court in Diop stresses that, at some point, absent an individualized bond hearing, continued detention becomes presumptively unreasonable. Id.

7

Petitioner has now been detained by ICE for almost eighteen (18) months, since his return to the United States and ICE custody. Although the statutory law does seemingly dictate mandatory custody, "we do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. Diop, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community were he to be released pending the outcome of his immigration proceedings. This Court sees no reason why Petitioner should not at least be afforded a bond hearing during which the immigration court can again assess if Petitioner poses a danger to the community such that he should remain in detention pending proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania as well as with the Diop Court's caution that prolonged detention of an alien (35–month detention in Diop ), absent an individualized bond hearing, can become presumptively unreasonable. Bautista v. Sabol, 2012 WL 1899671 (M.D. Pa. 2012). Following Diop, Judge Conner, of this Court, ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. Gupta v. Sabol et al., 2011 WL 3897964, *1 (M.D. Pa. 2011). The Gupta Court stated that such decisions "reflect a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under 1226(c) raises serious

constitutional concerns." Id. at 2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing as Petitioner requests, Petitioner's detention does require a bond hearing.

      A separate Order will be issued.

Dated: April 19, 2013

                                                                           **United States District Judge**